1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9

Milton Lee Tucker,

)     No. CV-12-1912-PHX-NVW (LOA)
)
10          Petitioner,              )     **REPORT AND RECOMMENDATION**
)
11   vs.                             )
)
12                                   )
Charles L. Ryan, et al.,            )
13                                   )
          Respondents.              )
14                                   )
                                    )
15 _____ )

16      This matter is before the Court on Petitioner's *pro se* Amended Petition for Writ of

17 Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, in which Petitioner challenges

his criminal convictions in Maricopa County Superior Court, State of Arizona, Case No. CR
18
159112. (Doc. 7)  Respondents have filed an Answer to Petition for Writ of Habeas Corpus
19
(the "Answer") and Petitioner has filed a Reply. (Docs. 17, 19) As explained below, the
20
undersigned Magistrate Judge recommends the Petition be denied as untimely.
21

22 **I. Background**

23      **A. Factual Summary**

24      The Arizona Court of Appeals summarized the facts of the State criminal case as

follows:
25

26         On June 12, 1986, the appellant and Raymond Rigsby robbed a bank in Mesa,
           Arizona.  The appellant took $611 from a bank teller at gunpoint while Rigsby
27         waited outside in a running car.  Police officers of the Mesa Police Department
           were watching the appellant and gave chase after the robbery.  When the
28         appellant attempted to flee on foot, pursuing police officers ordered him to
           stop.  The appellant turned and fired his gun at the officers, who returned fire.
           The appellant was captured shortly after the shooting incident.

(Doc. 17, Exhibit ("Exh.") E)

**B. Trial and Sentencing**

On June 20, 1986, Petitioner was indicted on one count of Armed Robbery, a Class 2 dangerous felony under Arizona law, and one count of Aggravated Assault, a Class 3 dangerous felony. (Doc. 17, Exh. A, E)  Following a jury trial in the Superior Court in October 1986, Petitioner was convicted of both counts.[1] (*Id.*) Based on his prior felony convictions and other aggravating factors, Petitioner was sentenced on November 18, 1986, to 28 years in prison for the armed robbery conviction and a consecutive term of 20 years in prison for the aggravated assault conviction. (*Id.*)

**C. Direct Appeal**

Petitioner, through counsel, filed a timely Notice of Appeal on November 24, 1986. (Doc. 17, Exh. B) After briefing was completed, the Arizona Court of Appeals issued a Memorandum Decision on February 2, 1988, in which it affirmed Petitioner's convictions and sentences. (Doc. 17, Exh. E) Petitioner, again through counsel, filed a Petition for Review to the Arizona Supreme Court on March 2, 1988. (Doc. 17, Exh. F)  The Court denied review on April 20, 1988. (Doc. 17, Exh. H)

**D. State Post-Conviction Proceedings**

On June 6, 1988, Petitioner filed a *pro se* Petition for Post-Conviction Relief. (Doc. 17, Exh. J)  Pursuant to Petitioner's request, the trial court appointed counsel to represent Petitioner in the post-conviction proceedings. (Doc. 17, Exh. K)  On June 30, 1988, counsel filed a Notice of Non-Supplementation of Petitioner's Post-Conviction Relief Petition, in which he stated that, after review of the record and Petitioner's *pro se* petition, he found no basis to amend or supplement what Petitioner filed. (Doc. 17, Exh. L)  The State of Arizona filed a Response to Petition for Post-Conviction Relief on the same day as counsel's notice was filed. (Doc. 17, Exh. M)  The trial court summarily dismissed the petition on July 5, 1988. (Doc. 17, Exh. N)

---

[1] The Honorable E.G. Noyes, Jr., presided over the trial and sentencing.

1    On July 15, 1988, Petitioner filed a Motion for Rehearing, which was denied. (Doc.

2    17, Exhs. P, R) After Petitioner filed, and the trial court granted, a Motion for Leave to File

3    a Delayed Petition for Review, Petitioner filed a Petition for Review to the Arizona Court of

4    Appeals. (Doc. 17, Exhs. S, T and U) On July 5, 1990, the Court of Appeals issued a

5    Memorandum Decision, granting review but denying relief. (Doc. 17, Exh. V) Petitioner's

6    subsequent Petition for Review to the Arizona Supreme Court was denied on February 19,

7    1991. (Doc. 17, Exhs. W, X)

8    According to portions of the State-court record provided by Respondents, Petitioner

9    submitted nothing else to challenge his convictions in the State case until he filed a "Motion

10   for Void Judgment" in the Superior Court on January 25, 2011. (Doc. 17, Exh. Z) He then

11   filed a "Motion of Petition for the Court to Take Mandatory Judicial Notice," on March 22,

12   2011. (Doc. 17, Exh. AA) The motion lists two Maricopa County Superior Court case

13   numbers, the one at issue in the instant Petition, CR-159112, and CR-110385. The latter case

14   number is the subject of another petition filed by Petitioner in CV-12-1909-PHX-NVW

15   (LOA), for which a second Report and Recommendation is being issued simultaneously

16   herewith. On October 11, 2011, Petitioner filed in the Superior Court a document titled

17   "Acceptance of Contract," which is in the form of a letter to Attorney General Tom Horne.[2]

18   (Doc. 17, Exh. BB)

19   On December 6, 2011, Petitioner filed a Petition for Review in the Arizona Court of

20   Appeals. (Doc. 17, Exh. CC) The Court of Appeals dismissed the matter on December 9,

21   2011, because "the trial court ha[d] not entered any final order in post-conviction relief

22   proceedings." (Doc. 17, Exh. DD)

23   On December 15, 2011, the trial court issued an order, addressing Petitioner's

24   "Motion of Petition for the Court to Take Mandatory Judicial Notice," filed on March 22,

25

26

_____

27       [2] It appears this document was filed in case number CR-110385 only, even though in
the body of the document Petitioner challenged his convictions in both CR-110385 and CR-
28   159112.

- 3 -

2011, and Petitioner's "Acceptance of Contract," filed on October 11, 2011.[3] (Doc. 17, Exh. EE) In the order, the Superior Court construed Petitioner's "Motion of Petition for the Court to Take Mandatory Judicial Notice" as a petition for post-conviction relief. (*Id.*)

With regard to CR-159112, the State case being challenged in the instant Petition, the Superior Court dismissed the post-conviction proceedings because Petitioner had previously filed a post-conviction relief petition on June 6, 1988. (*Id.*) The trial court treated the new notice of post-conviction relief as successive and determined the claims contained therein were precluded.[4] (*Id.*)

On January 18, 2012, Petitioner filed a Petition for Review in the Arizona Court of Appeals, challenging the trial court's dismissal of post-conviction proceedings in CR-159112.[5] (Doc. 17, Exh. FF) The Court of Appeals treated the Petition for Review as a Petition for Special Action, at least as to CR-159112, and declined jurisdiction on February 3, 2012. (Doc. 17, Exh. GG)

**E. Federal Habeas Petition**

On December 6, 2012, Petitioner filed his Amended Petition for Writ of Habeas Corpus in this District Court.[6] (Doc. 7) Petitioner raises nineteen grounds for relief in the

---

[3] The trial court's order did not address Petitioner's "Motion for Void Judgment," filed on January 25, 2011, and this Magistrate Judge is unaware of any order that addressed this motion.

[4] With regard to CR-110385, the trial court explained that Petitioner did not file a direct appeal or seek post-conviction relief until he filed the "Motion of Petition for the Court to Take Mandatory Judicial Notice." (Doc. 17, Exh. EE) The trial court found this request for post-conviction relief timely because it was the first one filed in that case and, at the time Petitioner was sentenced, there was no time limit for seeking post-conviction relief. (*Id.*) (citing *Moreno v. Gonzalez*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (Ariz. 1998)). Consequently, the trial court appointed counsel to represent Petitioner and allowed the matter to proceed. (*Id.*)

[5] Petitioner also addressed CR-110385 in the Petition for Review and "reserve[d] the opportunity" to seek review in that case if it became necessary at a later time. (*Id.*)

[6] Petitioner submitted the original Petition on August 31, 2012. (Doc. 1) The docket reflects the original Petition was actually filed on September 10, 2012. (*Id.*) The August 31,

Petition. In Ground One, Petitioner alleges the Maricopa County Superior Court had no jurisdiction over his case because it failed to prove its jurisdiction in response to Petitioner's jurisdictional challenge. In Ground Two, Petitioner alleges the Superior Court did not have jurisdiction or authority to convert his "Motion for Void Judgment and Motion to Dismiss: No Contract" into a petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure. In Ground Three, Petitioner alleges the Superior Court defaulted when it failed to address the "Motion for Void Judgment and Motion to Dismiss: No Contract," which he submitted on January 19, 2011.  In Ground Four, Petitioner alleges the State statutes used to convict him in this case did not have enacting clauses. Thus, he contends the Superior Court did not have subject matter jurisdiction. In Ground Five, Petitioner alleges the Superior Court Judge who presided over his trial and sentencing "did not have a valid and lawful oath of office secured by a fidelity bond on file." In Ground Six, Petitioner claims the Superior Court did not have subject matter jurisdiction because there were no original charging documents, including an arrest warrant, an information, and a supporting affidavit. In Ground Seven, Petitioner alleges the United States and the State of Arizona are not sovereign.  In Ground Eight, Petitioner alleges his identity was "concealed by novation," and an artificial person was named in the case. In Ground Nine, Petitioner alleges the United States and the State of Arizona are bankrupt and cannot participate in court actions. In Ground Ten, Petitioner alleges the statutes used to charge him in the State case are copyrighted and not for public use. In Ground Eleven, Petitioner alleges the Superior Court was a commercial tribunal and not a criminal tribunal. In Ground Twelve, Petitioner alleges his criminal sentence in the State case was actually a debt for which he cannot be imprisoned. In Ground Thirteen, Petitioner alleges his sentence in the State case was unlawful because the Superior Court Judge's discretion was unlawfully restricted by mandatory sentencing.

---

2012 filing date is the date Petitioner signed the original Petition, doc. 1 at 23, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

In Ground Fourteen, Petitioner alleges double jeopardy based on the trial court's refusal to sever his trial from his co-defendant's until prejudicial statements by his co-defendant forced a mistrial and subsequent retrial. In Ground Fifteen, Petitioner alleges a violation of his right to a speedy trial. In Ground Sixteen, Petitioner alleges judicial misconduct based on the trial judge's alleged failure to ensure his right to a speedy trial, and for allegedly forcing a mistrial that resulted in a double jeopardy violation. In Ground Seventeen, Petitioner alleges the trial judge unlawfully imposed consecutive sentences. In Ground Eighteen, Petitioner alleges his two armed robbery convictions in CR-110385 were unlawfully used to enhance his sentence in the instant case, CR-159112. Lastly, in Ground Nineteen, Petitioner alleges a conflict of interest in that both his defense counsel and the prosecutor were employed by Maricopa County.

On April 23, 2013, Respondents filed their Answer and supporting exhibits. (Doc. 17) Petitioner then filed his Reply on June 7, 2013. (Doc. 19)

**II. Discussion**

Respondents argue the Petition should be dismissed as time-barred because it was not filed within one year of the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Alternatively, Respondents contend the Petition fails to state a valid claim for relief as Petitioner's claims are vague, conclusory, and fail to specify the nature of any alleged constitutional violation. Respondents also argue Petitioner's claims are procedurally defaulted.

Because the information presented clearly establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative arguments.

**A. Legal Standards**

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas

corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1).[7] The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the state's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in

---

[7] The AEDPA, which was enacted on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

1  dismissing his petition as untimely.").

2       An application for post-conviction relief is also pending during the intervals between

3  a lower court decision and a review by a higher court. *Biggs v. Duncan*, 339 F.3d 1045, 1048

4  (9th Cir. 2003) (citing *Carey*, 536 U.S. at 223). The time between a first and second

5  application for post-conviction relief, however, is not tolled because no application is

6  "pending" during that period. *Id.*; *see also King v. Roe*, 340 F.3d 821 (9th Cir. 2003) (The

7  petitioner was "not entitled to tolling during the interval between the completion of one

8  round of state collateral review and the commencement of a second round of review."),

9  *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006). Moreover, filing a

10  new petition for post-conviction relief does not reinitiate a limitations period that ended

11  before the new petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

12       State prisoners whose convictions became final before the AEDPA effective date of

13  April 24, 1996, had a one-year grace period in which to file their habeas petitions. *Patterson*

14  *v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, absent any tolling, the deadline to file

15  a habeas petition under these circumstances was April 24, 1997. *Id.* at 1246.

16       The AEDPA statute of limitations is subject to equitable tolling in appropriate cases.

17  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner

18  must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary

19  circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562

20  (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

21  **B. Analysis**

22  **1. Limitations Period**

23       Here, Petitioner's judgment of conviction and sentences were imposed on November

24  18, 1986. (Doc. 17, Exh. A) Direct review ended when the time expired for Petitioner to file

25  a petition for writ of *certiorari* with the United States Supreme Court following the Arizona

26  Supreme Court's denial of review on April 20, 1988. *See Bowen v. Roe*, 188 F.3d 1157,

27  1158-59 (9th Cir. 1999) (holding that "the period of 'direct review' in 28 U.S.C. §

28  2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of

certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Petitioner's first post-conviction proceeding, which began on June 6, 1988, when he filed a *pro se* Petition for Post-Conviction Relief, ended on February 19, 1991, when the Arizona Supreme Court denied his Petition for Review.

Because Petitioner's convictions became final well before the AEDPA was enacted in 1996, Petitioner had a one-year grace period, until April 24, 1997, to file a federal habeas petition. *See Patterson*, 251 F.3d at 1245. As indicated above, Petitioner submitted the original Petition to this District Court on August 31, 2012, more than fifteen years after the AEDPA deadline.

Additionally, statutory tolling of the limitation period is inapplicable here. Petitioner's "Motion of Petition for the Court to Take Mandatory Judicial Notice," construed as a second petition for post-conviction relief, was not filed until March 22, 2011, almost fourteen years after the limitations period had expired. The time between the termination of Petitioner's first post-conviction proceeding on February 19, 1991, and his second application for post-conviction relief on March 22, 2011, was not tolled because no application was "pending" during that period. *See Biggs*, 339 F.3d at 1048 (holding that the time between the completion of a first round of post-conviction review and the beginning of a second round is not tolled). As a result, Petitioner's second petition for post-conviction relief, filed in 2011, had no impact on the already-expired limitations period. *See Ferguson*, 321 F.3d at 823. For these reasons, this federal Petition was untimely filed.

**2. Equitable Tolling**

As referenced above, the limitations period set forth in § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and extraordinary circumstances prevented the petitioner from filing a timely petition. *Holland*, 130 S.Ct. at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is not available in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

the AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal sophistication and stating: "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*, 558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia*, *Holland*, 130 S.Ct. at 2562).

Here, Petitioner has failed to show extraordinary circumstances stood in his way, preventing him from filing a timely federal petition. In the section of the Petition that directed Petitioner to explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar the Petition, Petitioner simply asserted, without explanation, that it does not apply. (Doc. 7 at 27)  Petitioner also addressed the timeliness issue in his Reply, writing he had never heard of the AEDPA and was "suspicious" of whether Respondents are correctly applying the statute to this case. (Doc. 19 at 7)  Thus, Petitioner has presented no basis to apply equitable tolling.

### C. Conclusion

For the foregoing reasons, this Magistrate Judge finds Petitioner filed the Petition after the limitations period expired. In addition, this Magistrate Judge finds there is no legal or

1  factual basis to apply statutory or equitable tolling. Consequently, the Petition is barred by

2  the AEDPA's statute of limitations.

3          Based on the foregoing,

4          **IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus,

5  pursuant to 28 U.S.C. § 2254, doc. 7, be **DENIED**;

6          **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

7  to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is

8  justified by a plain procedural bar and jurists of reason would not find the procedural ruling

9  debatable.

10         This recommendation is not an order that is immediately appealable to the Ninth

11 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

12 Appellate Procedure, must not be filed until entry of the District Court's judgment. The

13 parties have 14 days from the date of service of a copy of this recommendation within which

14 to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.

15 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the

16 objections. Failure to timely file objections to the Magistrate Judge's Report and

17 Recommendation may result in the acceptance of the Report and Recommendation by the

18 district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

19 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

20 undersigned Magistrate Judge will be considered a waiver of a party's right to appellate

21 review of the findings of fact in an order of judgement entered pursuant to the Magistrate

22 Judge's recommendation. *See* Fed.R.Civ.P. 72.

23         DATED this 25th day of November, 2013.

24

25

26                                    Lawrence O. Anderson
                                      United States Magistrate Judge

27

28